THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN T. EDWARDS, Relator, *v.* TRUSTEES OF BELLEVUE AND ALLIED HOSPITALS and Others, Respondents.

Second Department, November 22, 1922.

Insane persons — magistrate in New York city may commit apparently insane person to Bellevue Hospital — magistrate cannot conduct examination into sanity nor transfer case to another magistrate — writ of habeas corpus granted.

A magistrate in New York city has the power under section 87 of the Insanity Law, to commit a person who is arrested and brought before him, to Bellevue Hospital if, at the time of the arraignment the person so arrested is apparently insane, but the magistrate cannot conduct an examination as to the sanity of the person arrested nor can he transfer the case to another magistrate and continue the proceeding, and if he does so, jurisdiction is lost and the person arrested is entitled to be discharged upon a writ of habeas corpus.

HEARING on writ of habeas corpus issued by a justice of the Supreme Court, returnable before the Appellate Division. The only question presented by the respondent in the return or upon the argument was the regularity of the proceedings before the magistrate in conducting an inquiry as to relator's sanity prior to committing him for observation.

*Mirabeau L. Towns* and *Abraham Simonoff*, for the motion.

*George H. Cowie*, opposed.

PER CURIAM:

We think that the statute in question (Insanity Law, § 87, as amd. by Laws of 1919, chap. 380) * did not contemplate any such examination as was had in this proceeding; that it was the duty of the magistrate to commit the person arrested to Bellevue if, at the time of arraignment, he, to the magistrate, was apparently insane. If he was not apparently insane, he must discharge him, and, furthermore, the only magistrate who had the right to commit this person was the magistrate presiding at the time he was arraigned, and so jurisdiction in this case was lost by transferring the case to another magistrate and by continuing the proceeding over a period of eight months before commitment.

The writ should be sustained and the relator discharged.

RICH, KELLY, MANNING, KELBY and YOUNG, JJ., concur.

Writ sustained and relator discharged.

---

* Since amd. by Laws of 1922, chap. 420.— [REP.